**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DIOMAR ANIBAL MOLINA PAREDES,

Petitioner,

v.

WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,

Respondent.

No. 4:26-CV-03050

(Chief Judge Brann)

**MEMORANDUM OPINION**

**OCTOBER 27, 2026**

## I. BACKGROUND

Diomar Anibal Molina Paredes, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] Molina Paredes is currently detained at the Pike County Correctional Facility located within the Middle District of Pennsylvania.[2]

Molina Paredes, a citizen and native of the Bolivarian Republic of Venezuela, entered the United States of America in November of 2023.[3] On September 15, 2026,

1 Doc. 1.
2 *Id.* at 1.
3 Doc. 7-2 at 2.

Molina Paredes was detained by ICE shorting after exiting his residence; he has remained in ICE custody since that date.[4]

In October of 2026, Molina Paredes filed this § 2241 petition seeking release from custody, asserting that his continued detention without a bond hearing violates his constitutional rights.[5] Respondent acknowledges that, based on binding precedent from the United States Court of Appeals for the Third Circuit, Molina Paredes has been improperly denied a bond hearing under 8 U.S.C. § 1225(b), as he must instead be detained under 8 U.S.C. § 1226(a).[6]

After considering the arguments, for the reasons discussed below, the petition will be granted and the Government will be ordered to release Molina Paredes from custody.

## II. DISCUSSION

Molina Paredes brings his claims pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[7] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of

---

4 Doc. 1 at 6; Doc. 7-3 at 3.
5 *See* Doc. 1.
6 Doc. 7 at 1-2.
7 28 U.S.C. § 2241(c)(2).

habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[8] Molina Paredes' claims are therefore properly brought in this petition.

Respondents acknowledge that, based on binding precedent, Molina Paredes' petition is meritorious.[9] The Third Circuit recently held in *Buele Morocho v. Warden Philadelphia FDC* that individuals in Molina Paredes' position are properly detained pursuant to § 1226(a) and, therefore, the failure to provide those individuals with a bond hearing violates their due process rights.[10] Accordingly, the only remaining issue in this matter is the remedy to which Molina Paredes is entitled.

As other courts have frequently discussed, ICE may detain an individual in circumstances such as Molina Paredes' "only if, under § 1226(a) and applicable regulations, he receives a bond hearing and the facts show that he poses a risk of flight or danger to the community."[11] Consequently, where respondents "do not allege any facts suggesting that [a petitioner] poses either concern," release from custody is an appropriate remedy.[12]

---

8 *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025).

9 Doc. 6 at 1.

10 *See Buele Morocho v. Warden Phila. FDC*, __ F.4th __, No. 26-1150, 2026 WL 2546223 (3d Cir., Aug. 28, 2026).

11 *Bautista Calles v. Jamison*, No. CV 26-5539, 2026 WL 2322469, at *4 (E.D. Pa. Aug. 11, 2026) (citing *Yilmaz v. Warden of Fed. Det. Ctr. Phila.*, No. CV 25-6572, 2025 WL 3459484, at *3 (E.D. Pa. Dec. 2, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr. Phila.*, No. CV 25-6312, 2025 WL 3294726, at *8 n.69 (E.D. Pa. Nov. 25, 2025); 8 C.F.R. § 1236.1(c)(8), (d)(1)).

12 *Id.*

Here, there are no facts in the record that would suggest—let alone establish—that Molina Paredes poses either a danger to the community or a flight risk. Rather, the record establishes that Molina Paredes has no criminal history, had work authorization and worked lawfully while within the United States, paid taxes in the United States, and has two children who attend school in the community in which Molina Paredes lives.[13] As Respondent offers no justification for Molina Paredes' continued detention, release from custody is appropriate.[14]

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondent has violated Molina Paredes' due process rights by detaining him without a bond hearing. Accordingly, his petition will be granted, and the Court will order that Molina Paredes be promptly released from custody.

An appropriate Order follows.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
Chief United States District Judge

13 Doc. 1-3 at 2; Doc. 1-4 at 3-4; Doc. 1-5; Doc. 7-3 at 3.

14 *See Bautista Calles*, 2026 WL 2322469, at *4; *Kaziev v. Jamison*, No. CV 26-4837, 2026 WL 2279456, at *10 (E.D. Pa. Aug. 7, 2026); *Lopes v. Jamison*, No. CV 26-234, 2026 WL 299991, at *4 (E.D. Pa. Feb. 4, 2026).